IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY GANNER,

    Petitioner,                               No. 2:10-cv-1013 KJN P

    vs.

RICK M. HILL,

    Respondent.                             ORDER

_____/

I. Introduction

       Petitioner is a state prisoner proceeding without counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Both parties have consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). In 2009, petitioner pled guilty to possession of cocaine base, heroin, a firearm and ammunition. Petitioner raises four claims in his petition, filed April 27, 2010, all of which are based on petitioner's argument that his conviction was tainted by evidence resulting from an allegedly unreasonable search or seizure in violation of the Fourth Amendment.

II. Procedural History

       Respondent concedes petitioner has exhausted the claims raised herein as they renew the same factual allegations raised in the California Court of Appeal on direct appeal.

1

III. <u>Facts</u>[1]

    In the afternoon of October 26, 2006, Stockton Police Officer Eric Azarvand stopped at a red light at an intersection on March Lane[2] in Stockton.  Officer Azarvand was in the left turn lane, [petitioner's] minivan was in the right lane, and another vehicle was in between Officer Azarvand's patrol car and [petitioner's] minivan.

    Officer Azarvand testified "[t]he light turned green and the van immediately accelerated--I heard the engine accelerate, the front tires broke traction."[3]  Officer Azarvand did not see smoke coming from [petitioner's] vehicle and he did not know how fast [petitioner] was driving.  Officer Azarvand testified, however, "I do know that it was [petitioner's] vehicle that broke traction.  He was the only vehicle moving from where [[petitioner] was] at."

    At the motion to suppress, defense counsel confronted Officer Azarvand about his "chirping" remark at the preliminary hearing.  Officer Azarvand replied, "If that's what [the transcript] says, that's what [petitioner] said.  [The minivan] still broke traction, either way."  The defense cross-examined Officer Azarvand about what "chirping" meant.  Officer Azarvand answered, "The engine revved up, the wheels broke traction, you could hear it break traction, and it continued down the road."  Whether the sound Officer Azarvand heard [petitioner's] tires make is characterized as "chirping" or "breaking traction," our analysis is the same.

    At the hearing on the motion to suppress, the trial court ruled the traffic stop was lawful.  The court reasoned as follows:  "While your tires are making sounds, they are not in connection with the road, so if you don't have traction with the road, you are not steering, you don't have the capacity to start or stop.... So I think it's a legitimate reason for the officer to be pulling people over and giving them tickets for starting too quickly here to the point where they lose traction or break traction."

(<u>People v. Ganner</u>, slip op. at 2-3.)

---

  [1]  The facts are taken from the opinion of the California Court of Appeal for the Third Appellate District in <u>People v. Ganner</u>, No. C061138 (November 4, 2009), a copy of which was appended to the petition at 126.

  [2]  The People and [petitioner] disagree about the intersection where the incident occurred, but the actual location of the incident is not a factor in our reasoning and has no bearing on our decision.

  [3]  In his opening brief, [petitioner] emphasizes that his tires only "chirped" when he accelerated at the green light.  Officer Azarvand testified on cross-examination at the preliminary hearing, "[the minivan] just chirped."

2

IV. Standards for a Writ of Habeas Corpus

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. See Peltier v. Wright, 15 F.3d 860, 861 (9th Cir. 1994); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citation omitted) A federal writ is not available for alleged error in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000); Middleton, 768 F.2d at 1085. Habeas corpus cannot be used to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377 (1972).

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Lindh v.Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003). Section 2254(d) sets forth the following standards for granting habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). See also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v. Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F.3d 1223, 1229 (9th Cir. 2001).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result. Early v. Packer, 537 U.S. 3, 7 (2002) (citation omitted).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Williams, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

The court looks to the last reasoned state court decision as the basis for the state court judgment. Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000) ("Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable."); accord Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002). When it is clear that a state court has not reached the merits of a petitioner's claim, or has denied the claim on procedural grounds, the AEDPA's deferential standard does not apply and a federal habeas court must review the claim de novo. Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003); Pirtle, 313 F.3d at 1167.

V. Petitioner's Fourth Amendment Claims

Petitioner claims he was unlawfully detained in a traffic stop on October 26, 2006, and that the trial court erred when it denied his motion to suppress the items seized during that traffic stop. He argues that the court's ruling violated his Fourth Amendment right to be free from unreasonable searches and seizures.

4

1  These claims are not cognizable in a federal habeas corpus proceeding. The United States Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494 (1976). Thus, a Fourth Amendment claim can only be litigated on federal habeas where petitioner demonstrates that the state did not provide an opportunity for full and fair litigation of the claim; it is immaterial whether the petitioner actually litigated the Fourth Amendment claim. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996); Gordan v. Duran, 895 F.2d 610, 613 (9th Cir. 1990).

The issue before this court is whether petitioner had a full and fair opportunity in the state courts to litigate his Fourth Amendment claim, not whether the state courts correctly disposed of the Fourth Amendment issues tendered to them or even whether the claim was correctly understood. See Siripongs v. Calderon, 35 F.3d 1308, 1321 (9th Cir. 1994). The Ninth Circuit has concluded that California provides criminal defendants with a full and fair opportunity to litigate their Fourth Amendment claims through a motion to suppress remedy provided by California Penal Code § 1538.5, which establishes a specific mechanism for defendants to seek the suppression of evidence on the ground that it was obtained through unconstitutional means. See Gordon, 895 F.2d at 613; see also Locks v. Summer, 703 F.2d 403, 408 (9th Cir. 1983).

Here, the trial court held a hearing on petitioner's motion to suppress on June 19, 2007, pursuant to California Penal Code § 1538.5. (Reporters' Transcript on Appeal at 41-83 [Dkt. No. 14 at 84-125.]) The trial court conducted an evidentiary hearing before ruling on the validity of the initial traffic stop and the subsequent search and seizure. Petitioner has therefore used the opportunities afforded him to have the trial court's ruling reviewed within the California judicial system through his arguments on appeal setting forth his present claims. The California Court of Appeal addressed petitioner's present claims in a reasoned decision and denied then on

1  the merits.  The California Supreme Court denied relief on the merits of the claims on the same
2  grounds articulated by the state appellate court.
3  	The fact that petitioner was able to raise his claims at multiple levels of the
4  California court system and to have the claims considered on their merits compels the conclusion
5  that the Stone doctrine applies in this case.  See Locks, 703 F.2d at 408 (when petitioner litigated
6  the search and seizure issue in the trial court and the appellate court, and also raised the issue
7  before the California and United States Supreme Courts, petitioner received a "full and fair
8  consideration of his Fourth Amendment claim"); see also Terronova v. Kincheloe, 912 F.2d
9  1176, 1178-79 (9th Cir. 1990) (the "extent to which [Fourth Amendment] claims were briefed
10 before and considered by the state trial and appellate courts" is a consideration in determining
11 whether petitioner had the opportunity for a full and fair litigation of those claims).
12 	Thus, petitioner had a full and fair opportunity to litigate his Fourth Amendment
13 claim in state court.  Accordingly, petitioner's Fourth Amendment claims are barred.
14 	In his reply, petitioner contends his claims are not barred because he did not
15 receive a full and fair hearing on the merits of his claim because the trial judge commented that
16 "he didn't care what the Constitution said."  (Dkt. No. 14 at 2.)  However, review of the entire
17 comment in context reveals that the trial court made the comment with regard to the officer's
18 subsequent pat-down search,[4] not with regard to the issue of whether there was a reasonable
19 suspicion to warrant the initial traffic stop.  The record reflects petitioner had a full and fair
20 opportunity to litigate the initial traffic stop.  (Dkt. No. 14 at 84-125.)

---

[4]  The trial judge stated, "So he gets ready to put him in the back of the car, and certainly a pat-down search, not because you suspect necessarily contraband but because you are concerned about your safety.  Would you put a defendant in the car in the backseat without having done a pat search?  I don't care what the Constitution says.  If officers don't stop – actually, if they do stop patting down people before they put them in the back of their car, they are crazy, and so I think the Supreme Court recognizes that.  The officers, if they are legitimately going to hook somebody up and put them in the back seat, have a right to do the pat search.  That's what Terry is all about."  (Reporters' Transcript on Appeal at 80-81 [Dkt. No. 14 at 122-23.])

Petitioner's disagreement with the state courts' factual and legal conclusions regarding his Fourth Amendment claims does not exempt him from the Stone doctrine, because a finding that petitioner had a "full and fair opportunity" to litigate his claims does not depend on whether his claims were correctly decided by the state courts. Ortiz-Sandoval, 81 F.3d at 899; see also Moormann v. Schriro, 426 F.3d 1044, 1053 (9th Cir. 2005) (Stone doctrine barred Fourth Amendment claim, notwithstanding contention that the hearing received was not full and fair because the state court's factual findings were "not supported by the evidence," when Moormann raised the Fourth Amendment issue in a pretrial motion; a hearing was held, at which Moormann was able to present evidence and examine witnesses; the trial court made a factual finding; and the trial court's decision was reviewed on appeal by the state high court); Locks, 703 F.2d at 408 (rejecting argument that petitioner did not receive a full and fair hearing because the state appellate court considered evidence not offered at the suppression hearing); Mack v. Cupp, 564 F.2d 898, 902 (9th Cir. 1977) (rejecting argument that petitioner did not receive a full and fair hearing because the state appellate court incorrectly summarized evidence). Thus, pursuant to the Stone doctrine, the instant petition is not cognizable. See Siripongs, 35 F.3d at 1321 (petitioner's argument challenging the validity of his search, as in this case, "goes not to the fullness and fairness of the opportunity to litigate the claim, but to the correctness of the state court resolution, an issue which Stone v. Powell makes irrelevant").

////
////
////
////
////
////
////
////

VI. Conclusion

For the above reasons, petitioner's application for a writ of habeas corpus will be denied.

Accordingly, IT IS HEREBY ORDERED that petitioner's application for a writ of habeas corpus is denied. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

DATED: September 1, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gann1013.157